# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BENJAMIN MANNING (#B-03921), | ) | |
| Plaintiff, | ) | Case No: 13 C 5145 |
| | ) | |
| v. | ) | |
| | ) | Judge John Z. Lee |
| TOM DART, et al., | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Plaintiff's application to proceed *in forma pauperis* [#3] is denied. Plaintiff is directed to submit a renewed i.f.p. petition that is certified by a trust fund officer; he must also attach copies of his prison trust fund ledgers showing his income for the six months preceding the filing of this action, that is, from 1/19/2013 through 7/19/2013, or pay the statutory filing fee. Plaintiff is further directed to show cause, in writing as to why his complaint should not be dismissed for failure to exhaust administrative remedies prior to filing suit. Failure to comply within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case. The Clerk is directed to provide Plaintiff with a blank i.f.p. petition along with a copy of this order and to forward a copy of this order to the trust fund officer at East Moline Correctional Center. Plaintiff is reminded that he must provide the Court with the original plus a judge's copy of every document filed.

## STATEMENT

Plaintiff, an inmate in state custody at East Moline Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that for four to five days, starting on November 11, 2011, he was housed at the Cook County Jail in Division Three, which had no working heat, and no working shower. Plaintiff alleges that as a result of the conditions, he contracted a foot fungus. Plaintiff has neither paid the $400.00 filing fee nor filed a properly completed application to proceed *in forma pauperis*. Furthermore, his application to proceed *in forma pauperis* is incomplete and is denied.

An incarcerated person seeking leave to proceed *in forma pauperis* must obtain a certificate from a prison official stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. Plaintiff's application is not certified by a prison official. Plaintiff is reminded that the certification must be properly completed and executed by an authorized officer of his correctional institution.

To enable the Court to make the necessary assessment of an initial partial filing fee, the prisoner must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff has also failed to include copies of his prison trust fund ledgers from the past six months.

If Plaintiff wishes to proceed with this lawsuit, he must submit an i.f.p. petition properly

certified by an authorized jail official, along with copies of trust fund ledgers showing his income for the six months preceding the filing of this lawsuit [that is, from January 19, 2013, through July 19, 2013]. The Clerk will provide Plaintiff with a blank i.f.p. application. The Clerk shall also forward a copy of this order to the trust fund officer at East Moline Correctional Center to facilitate compliance. Failure to comply or, in the alternative, to submit the statutory filing fee of $400.00 will result in summary dismissal of this suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980). Additionally, if Plaintiff submits another improperly certified i.f.p. application, this case will be summarily dismissed. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Plaintiff must also show cause in writing as to why this case should not be dismissed for failure to exhaust administrative remedies prior to filing suit. Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violations based on use of excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the Court is directed to dismiss a suit brought with respect to prison conditions if the Court determines that Plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999).

A prisoner must take all steps required by the prison's grievance system in order to exhaust his administrative remedies fully. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so a prisoner's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37. While failure to exhaust is normally an affirmative defense, in this case, it appears on the face of the complaint the Plaintiff could not have exhausted his administrative remedies prior to filing suit. Plaintiff affirmatively pleads that he did not file a grievance regarding the alleged unconstitutional conditions. The Court notes, however, that inmates at the Cook County Jail receive a handbook describing basic programs and procedures. *See* John Howard Association's Court Monitoring Report, filed on May 12, 2000, in *Duran v. Sheahan*, 74 C 2949 (N.D. Ill.) (reflecting that the Cook County Jail has an established and publicized grievance procedure).

However, the Court will provide Plaintiff an opportunity to establish exhaustion before dismissing this suit. Plaintiff is ordered to show cause in writing, within thirty days of the date of this order, why this case should not be dismissed for failure to exhaust his administrative remedies prior to filing suit. Failure to adequately establish exhaustion will result in this case being dismissed without prejudice to Plaintiff filing a new complaint, once he has exhausted his administrative remedies.

In sum, if after considering the provisions of the Prison Litigation Reform Act Plaintiff wishes to proceed with this suit he must, within thirty days of the date of this order: (1) submit a properly completed and certified i.f.p. application, or pay the statutory filing fee; and (2) show cause, in writing as to why this case should not be dismissed for failure to exhaust administrative remedies prior to filing suit. As with every document filed with the Court, Plaintiff must provide both the

original and a judge's copy; he must also include a sufficient number of carbon copies or

photocopies of the amended complaint for service on each named Defendant.  If Plaintiff fails to comply with the above directives within thirty days, the Court will dismiss the case, on the understanding that Plaintiff does not wish to pursue this lawsuit.

Date: August 16, 2013 /s/ John Z. Lee